FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 23, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RUBEN GALVAN-TRUJILLO, <br><br> Defendant. | No. 4:22-CR-06041-MKD-1 <br><br> ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT AND DETENTION HEARING <br><br> **MOTION DENIED AS MOOT** <br> **(ECF No. 27)** |

On November 21, 2022, the Court held a hearing for Defendant RUBEN GALVAN-TRUJILLO's initial appearance and arraignment based on an Indictment. Defendant appeared in custody via video conference from Richland assisted by federally certified Spanish interpreter Natalia Rivera and was represented by Attorney L. Marcel Stewart. Assistant U.S. Attorney Caitlin Baunsgard represented the United States. U.S. Probation Officer Eric Helms was also present telephonically. Defendant consented to proceed via video teleconference.

Defendant was advised of, and acknowledged, his rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf.

The United States sought Defendant's detention. **ECF No. 27**. Defendant requested a detention hearing and the United States indicated it could proceed immediately. The Court inquired whether a detention hearing had been held in the Southern District of California and understood based on the responses of the parties that Defendant may have waived his right to a detention hearing in the Southern District of California.

ORDER - 1

The Court then held a detention hearing. The Court heard proffers and arguments from both Defendant and the United States. The Court then took the question of detention under advisement.

Upon review of the record in this case, while the Court is fully prepared to resolve the United States' Motion for Detention on the merits, the Court has determined that Defendant has already had a detention hearing before a Magistrate Judge in the Southern District of California.

The Rule 5 documents received from the Southern District of California reflect that Defendant waived only his right to an identity hearing and his right to a preliminary hearing in the Southern District of California. ECF No. 19-2. The Rule 5 documents received from the Southern District of California further reflect that the United States moved for Defendant's detention and a detention hearing was held on October 20, 2022. ECF Nos. 19-1 at 3 (reflecting an oral motion for detention at ECF No. 5); 19-3 (Order of Detention). The Order of Detention from the Southern District of California states that Defendant was represented by counsel and that the assigned Magistrate Judge found "by a preponderance of the evidence the defendant is a serious risk flight risk." ECF No. 19-3. The Magistrate Judge further concluded "[t]here is a serious risk that the defendant will flee . . . [and] [n]o condition or combination of conditions will reasonably assure the appearance of the defendant as required." *Id*. Accordingly, the record reflects that rather than previously waiving his right to a detention hearing, Defendant has instead already had a detention hearing and a Magistrate Judge has issued an Order of Detention.

Accordingly, based on the procedural posture of this case, in the light of the prior detention determination from the Southern District of California, the parties now have two avenues available to challenge or modify the original Order of Detention: 1) appeal to the District Judge having original jurisdiction over the

ORDER - 2

offense pursuant to 18 U.S.C. § 3145(b); or 2) file a motion to reopen detention pursuant to 18 U.S.C. § 3142(f) before a Magistrate Judge in this District to present new, material evidence that favors release. *United States v. Larker,* 2022 WL 1570543 (EDCA May 18, 2022).

The "court having original jurisdiction" is the assigned District Judge in the Eastern District of Washington, in this case Judge Dimke. *See United States v. Evans,* 62 F.3d 1233, 1237 (9th Cir. 1995). The relevant statute provides:

> **Review of a detention order**.—If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

18 U.S.C. § 3145(b).

Absent appeal to the assigned District Judge, detention may be reopened on motion to a Magistrate Judge in this District only if certain new information exists, specifically:

> [I]f the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Accordingly, based on the foregoing, the Court finds that the Government's Motion for Detention filed in this District is moot as Defendant has already been detained following a detention hearing in the Southern District of California. This Court lacks the authority to overrule a detention determination of another Magistrate Judge because this Court is not the court of original jurisdiction pursuant to 18 U.S.C. § 3145(b). If Defendant wishes to challenge the prior

ORDER - 3

detention determination, Defendant instead must appeal the Southern District of California Order of Detention to the assigned District Judge in the Eastern District of Washington.

Additionally, the on the record before the Court, Defendant has not moved to present any new, material information that was unknown to the Magistrate Judge in the District of Southern California pursuant to 18 U.S.C. § 3142(f). The Court recognizes that Defendant has proffered a residence to reside at in the Western District of Washington with his cousin and that Defendant's wife is also evidently seeking to find an apartment in the Western District of Washington. ECF No. 28 at 1-2. The Court does not consider the proffered information to be new, material information given the prior findings reflected in the Southern District of California Order of Detention. In other words, a proffer of an alternate address, particularly an address outside of this District, is not new, material information that would cause this Court to disturb the Order of Detention from the Southern District of California.

Based on the foregoing, **IT IS ORDERED:**

1. The United States' Motion for Detention, ECF No. 27, is **DENIED AS MOOT**.

2. Any appeal of the Southern District of California Order of Detention, ECF No. 19-3, must proceed pursuant to 18 U.S.C. § 3145(b).

**IT IS SO ORDERED**.

DATED November 23, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4