FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN GALVAN-TRUJILLO (1),<br><br>Defendant. | No. 4:22-CR-06041-MKD-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE<br><br>**ECF No. 220** |

Before the Court is Defendant Ruben Galvan-Trujillo's (1) Motion to Reduce Sentence Pursuant [to] Safety Valve/5K1.1 Motion for Mandatory Minimum of 120 Months, ECF No. 220. This is Defendant's second motion for a sentence reduction since he was sentenced on February 7, 2024. *See* ECF Nos. 187, 199, 213. At the time of sentencing, Defendant's guidelines range was 135 to 168 months' incarceration; he received a low-end guidelines sentence of 135 months' incarceration. ECF Nos. 187, 199, 200.

Defendant appears to be seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) or (2) on the ground that he should have qualified for the safety

ORDER - 1

valve, under 18 U.S.C. § 3553(f); relief from the statutory minimum sentence based on substantial assistance, under 18 U.S.C. § 3553(e); or a downward departure based on substantial assistance, under USSG § 5K1.1.  *See* ECF No. 220 at 1 (paraphrasing language from 18 U.S.C. § 3553(e), (f)(1)(A) and (f)(2)).

Defendant's safety-valve eligibility was a contested issue at sentencing; after hearing argument from counsel for Defendant and the United States, the Court found Defendant was ineligible based on his failure to meet the requirements of 18 U.S.C. § 3553(f)(5).  There is no indication in the Plea Agreement, the arguments at sentencing, or elsewhere in the record that Defendant provided (or attempted to provide) substantial assistance to qualify for relief from the statutory minimum or a downward departure.

Moreover, Defendant provides no authority indicating that a defendant may relitigate his ineligibility under 18 U.S.C. § 3553(e), (f), or USSG § 5K1.1 by moving for a sentence reduction under Section 3582(c).  Several district courts have rejected similar arguments.  *See, e.g., United States v. Picazo-Torres*, No. 17-537-2, 2024 WL 4008191, at *4 (S.D. Texas Aug. 28, 2024) (rejecting safety-valve argument raised in a Section 3582(c) motion); *United States v. Trujillo-Linares*, No. 19-CR-3097, 2024 WL 5170286, at *1-2 (D. Neb. Dec. 19, 2024) (same); *United States v. Hernandez*, No. 14-CR-160, 2022 WL 608001, at *2 (N.D. Texas Jan. 3, 2022) (dismissing motion for "post-judgment sentence reduction under

ORDER - 2

§ 5K1.1" for lack of jurisdiction under Section 3582(c)); *Barcliff v. United States*, No. 14-CR-3, 2022 WL 2032297, at *2-3 (S.D. W. Va. May 2, 2022) (denying Section 3852(c) motion that included challenges to the denial of 5K1.1 and 18 U.S.C. § 3553(e) relief at sentencing).

Defendant otherwise raises arguments that concern his rehabilitation in custody, remorse, lack of other criminal history, and family ties. The Court took these factors into account at the time of Defendant's sentencing. Moreover, these factors do not constitute sufficient grounds for a sentence reduction under 18 U.S.C. § 3582(c).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Ruben Galvan-Trujillo's (1) Motion to Reduce Sentence Pursuant [to] Safety Valve/5K1.1 Motion for Mandatory Minimum of 120 Months, **ECF No. 220**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to the United States, Defendant Ruben Galvan-Trujillo (1), and the U.S. Probation Office.

DATED May 21, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3